BULLOCKS, INC. *v.* UNITED STATES (No. 3899) [1]

[1] T. D. 48028.

United States Court of Customs and Patent Appeals, November 4, 1935

*Lawrence A. Harper* (*Abraham Gottfried* of counsel) for appellant.
*Joseph R. Jackson*, Assistant Attorney General (*Richard E. FitzGibbon* and *Ralph Folks*, special attorneys, of counsel), for the United States.

[Oral argument October 7, 1935, by Mr. Folks; submitted on brief by appellant]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court (First Division) overruling the protest of the importer against the classification and duty assessment by the Collector of Customs of certain merchandise entered at the port of Los Angeles, Calif., under the Tariff Act of 1930.

The merchandise is described in a stipulation of counsel from which we quote the pertinent features:

(1) * * * leather cases containing cocktail shakers, composed in chief value of base metal, not plated.

(2) * * * cup sets in chief value of base metal, not plated.

(3) * * * leather cases containing bridge score pads.

(4) * * * leather cases containing flasks, in chief value of base metal, not plated.

(5) * * * leather cases containing flasks and cup sets, in chief value of base metal, not plated.

It is noted that nothing is said in paragraph 2 of the stipulation as to the cup sets therein mentioned being contained in leather cases, but the brief of appellant recites, in effect, that all the merchandise which is the subject of the involved protest "consisted of leather cases containing various articles." We assume, therefore, that the cup sets mentioned in said paragraph 2 were so contained.

It is not clear to us whether it was the purpose of the parties to stipulate as to the articles described in paragraphs 1, 2, 4, and 5 that they were in chief value of base metal, not plated, when taken as entireties, or whether the phrase "in chief value of base metal, not plated," was intended to be limited simply to the cocktail shakers, cup sets and flasks, disregarding the leather cases. In the view which we take of the case, however, it is not material as to which was meant.

It will be noted that as to the "leather cases containing bridge score pads," referred to in paragraph 3 of the stipulation, nothing is said of the material or value of the pads.

All the items of merchandise in controversy here were classified by the collector under paragraph 1531 of the Tariff Act of 1930, being assessed with duty at 50 per centum ad valorem. The paragraph in full reads:

PAR. 1531. Bags, baskets, belts, satchels, cardcases, pocketbooks, jewel boxes, portfolios, and other boxes and cases, not jewelry, wholly or in chief value of leather or parchment, and manufactures of leather, rawhide, or parchment, or of which leather, rawhide, or parchment is the component material of chief value, not specially provided for, 35 per centum ad valorem; any of the foregoing permanently fitted and furnished with traveling, bottle, drinking, dining or luncheon, sewing, manicure, or similar sets, 50 per centum ad valorem.

The pertinent claim of the protest as originally filed was, in substance, that the "leather cases fitted" should be segregated for duty purposes with the cases classified at 35 per centum under said paragraph 1531 and the contents according to component material of chief value. No paragraph of the tariff act was cited in the original protest as being applicable to the contents of the cases.

Subsequently, the protest was amended by leave of the court below by inserting the following:

Or all the contents of the leather cases and/or the leather cases, assessed at 50% under paragraph 1531, should be classified at 45% under paragraph 228 or 397, or at 40% under paragraph 225, or at 15% or 25% or 35% under paragraph 1410 or 1413, or at 40% under paragraph 339, or at 20¢ per dozen and 15%, 65¢ per dozen and 20% under paragraph 225.

The trial court held, in effect, that the record contained nothing to justify a disturbance of the collector's classification of the leather cases containing the cocktail shakers, cup sets and flasks—that is the items referred to in paragraphs 1, 2, 4, and 5 of the stipulation—as entireties, under the clause of paragraph 1531, *supra*, reading—

any of the foregoing permanently fitted and furnished with. * * * bottle, drinking, * * * or similar sets.

We experience no difficulty upon the record in concurring with the trial court's holding as to these items.

Our greatest difficulty has grown out of the issue raised as to the "leather cases containing bridge score pads", referred to in paragraph 3 of the stipulation, *supra*, and the brief of appellant—there was no oral argument before us in its behalf—has not been very helpful upon this phase of the controversy, because it is devoted mainly to an argument as to the sufficiency of the protest.

The trial court declared, in substance, that the collector's classification of this item under the clause of paragraph 1531, applicable to the other items was erroneous, but added that no basis was "furnished in the stipulation for classification and assessment under any other paragraph." The protest upon this item was, therefore, overruled without affirming the collector's classification.

In the course of its opinion the trial court made the following criticism of the protest:

We do not hesitate to say that this protest as originally filed and finally amended, *insofar as it applies to the merchandise described in the third paragraph of the stipulation,* is such a hodge-podge of varied and totally dissimilar claims that it could not by any reasonable construction be held to be sufficiently specific to

direct the collector to what classification or assessment of duty the protestant believed should have been made, even if the collector was satisfied that his assessment was not warranted. (Italics ours.)

We have italicized that phrase of the above quotation relating to the leather cases containing the bridge score pads because it seems to us from the brief filed on behalf of appellant that appellant's counsel has misunderstood the trial court's holding. Both the brief and the assignments of error seem to proceed upon the theory that the trial court overruled the protest as to all items because of its being defective.

Obviously, this was not the case as to the items in paragraphs 1, 2, 4 and 5. The court makes no observations indicating any critical attitude toward the protest so far as it relates to the items described in those paragraphs. Its criticism is limited to the application of the protest to the classification of the leather cases containing bridge score pads, and it is complained that as to this merchandise the protest is not sufficiently specific to direct the collector to the classification or assessment of duty which the protestant believed should have been made.

As amended, the material claims of the protest read:

All the merchandise (leather cases fitted) assessed at 50 per cent under paragraph 1531 should be segregated for duty purposes and the cases classified at 35 per cent under paragraph 1531 and the contents according to component material of chief value.

\* \* \* \* \* \* \*

Or all the contents of the leather cases and/or the leather cases, assessed at 50% under paragraph 1531, should be classified at 45% under paragraph 228 or 397, or at 40% under paragraph 225, or at 15% or 25% or 35% under paragraph 1410 or 1413, or at 40% under paragraph 339, or at 20¢ per dozen and 15%, 65¢ per dozen and 20% under paragraph 225.

As we construe the meaning of the first part of the protest (the original), it is (when we seek to apply it to the score pad item) that the leather cases should be assessed at 35 per centum under the first part of paragraph 1531, *supra*, and the pads classified under some other paragraph not named or indicated. This we do not think may properly be held to be a sufficiently definite protest.

Assuming without holding that separation of the cases and the pads for duty purposes would have been proper, the original protest did not direct the collector's attention to any paragraph believed by the importer to cover the pads.

The question remains whether the amendment to the protest cured the defect.

The proper construction of the language of the amendment, when considered either standing alone or in connection with the language of the original, would, to say the least of it, not be free from difficulty, but here fortunately we have appellant's own interpretation of its meaning. The brief in its behalf says:

The original protest claimed that the cases and contents should be dutiable separately according to the component material of chief value. By amendment, the alternative claim was made that the cases and contents should be dutiable *as entireties*, not under paragraph 1531, but according to the component material of chief value, and in addition specified the paragraphs under which such entireties should be assessed. (Italics ours).

In other words, appellant construes the amendment to mean that if found to be classifiable *as entireties* the articles would be removed from paragraph 1531 and become classifiable under some one of six designated paragraphs.

Accepting this construction for the purposes of this issue we have examined each of the six cited paragraphs as did the court below, whose comment upon them reads:

It should be noted that paragraph 228 covers generally optical instruments; 397, manufactures of metal; 225, spectacles, etc.; 1410, printed matter, books, etc.; 1413, paper and manufactures of paper, and 339, household utensils, etc.

It is useless to quote the paragraphs in full. Careful examination of them inevitably leads to the conclusion that the "leather cases containing bridge score pads" may not as entireties be classified under any one of them upon the showing made in this record.

It follows, therefore, first, if we apply that part of the protest which claimed segregation, it must be held defective because of the failure to designate any paragraph claimed for the score pad parts, and, second, if we apply the amended part of the protest, under appellant's own construction of its meaning, there is nothing shown in the record to justify classification of leather cases containing bridge score pads as entireties under any one of the paragraphs claimed.

It may be added that even were it found proper to classify the leather cases containing bridge score pads as entireties "according to the component material of chief value," there is nothing whatsoever in the stipulation filed, or elsewhere in the record, to show which component of it is of chief value.

We think the trial court reached the correct conclusion in the case and its judgment is *affirmed*.